## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYOKA BRUMFIELD, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>PROCTER & GAMBLE CO.,<br><br>　　　　　　　　　　　　Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Tyoka Brumfield ("Plaintiff"), by and through her attorneys, makes the following allegations pursuant to the investigations of her counsel and upon information and belief, except as to the allegations specifically pertaining to herself or her counsel, which are based on personal knowledge:

## NATURE OF THE ACTION

1. This is a class action on behalf of purchasers of Pampers "natural clean" Wipes (the "Wipes") in the United States.

2. Defendant manufactures the Wipes and distributes them to retailers nationwide and throughout the state of New York for sale to consumers.

3. Defendant markets the Wipes to be a natural and safer alternative to traditional wipes, including traditional Pampers-brand wipes. Unlike other varieties of Pampers-brand wipes, the Wipes are sold in a package that prominently states "natural clean" in green:



4. Unfortunately for consumers, this is false and misleading. The Wipes are not natural because they are formulated from unnatural ingredients, including Disodium EDTA, Sorbitan Caprylate, Xanthan Gum, and others.

5. There is nothing comparatively natural about the Wipes. They contain substantially the same ingredients as Defendant's non-natural wipe offerings.

6. Moreover, through the end of 2015, the Wipes contained a preservative called phenoxyethanol, which "can depress the central nervous system and may cause vomiting and

diarrhea, which can lead to dehydration in infants" according to the Food and Drug Administration ("FDA").[1]

7. In May 2012, the Agence Nationale de Sécurité du Médicament et des Produits de Santé (French National Agency for Medicines and Health Wipes Safety) ("ANSM") published a report recommending that phenoxyethanol should be "avoid[ed] … in cosmetic Wipes intended for the nappy area" for "infants under the age of three years" due to concerns of reproductive and developmental toxicity.

8. At the very least, it is clear than phenoxyethanol is *not* a natural chemical. In April 2016, the Federal Trade Commission filed complaints against two cosmetics manufacturers for representing that their products were "natural" when they contained phenoxyethanol. Both companies agreed to cease marketing the products in question as being "natural."[2]

9. Defendant knew about these findings from American and French governmental agencies. And it knew that consumers use the Wipes on their infants' nappy areas, hands, and mouths. But Defendant put phenoxyethanol in the Wipes anyway.

10. Defendant charges a premium for its "natural clean" Wipes, which are sold on store shelves alongside non-natural standard wipe offerings. The only reason consumers purchase the Wipes over the non-natural alternatives is on account of Defendant's representation that the Wipes are "natural."

11. This is a proposed class action brought by Plaintiff on behalf of a class of similarly situated individuals who purchased the Wipes in New York, against Defendant, for violations of New York consumer protection laws.

---

[1] http://www.fda.gov/newsevents/newsroom/pressannouncements/ucm116900.htm

[2] https://www.ftc.gov/news-events/press-releases/2016/04/four-companies-agree-stop-falsely-promoting-their-personal-care

## THE PARTIES

12.     Plaintiff Tyoka Brumfield is an individual consumer who, at all times material hereto, was a citizen of New York.  Ms. Brumfield has purchased Pampers "natural clean" Wipes from Babies R Us and Target, located in Manhattan and Brooklyn, on numerous occasions between late 2014 and early 2017.  In purchasing the Wipes, Ms. Brumfield relied on Defendant's false, misleading, and deceptive representation that the Wipes provided only a "natural clean," which was depicted in green letters on the packaging.  Ms. Brumfield understood this representation to mean that the Wipes did not contain synthetic chemicals and, at the very least, would not contain chemicals which were potentially harmful to her child.  Had Ms. Brumfield known the truth that the statements she relied on were false, misleading, deceptive, and unfair; she would have not purchased the Wipes.

13.     Defendant Procter & Gamble Co. is incorporated in the State of Ohio, with a principal place of business at One Procter & Gamble Plaza Cincinnati, Ohio 45202.

14.     Defendant manufactures, markets, and distributes the Wipes throughout New York and the United States.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

16.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant.

17.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein

occurred in this District.  Plaintiff Brumfield is a citizen of New York and purchased the Wipes from Defendant in this District.  Moreover, Defendant distributed, advertised, and sold the Wipes, which is the subject of the present Complaint, in this District.

## CLASS REPRESENTATION ALLEGATIONS

18. Plaintiff seeks to represent a class defined as all persons in the who purchased Pampers "natural clean" Wipes in the state of New York.

19. Members of the Class are so numerous that their individual joinder herein is impracticable.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

20. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to: (a) whether Defendant misrepresented and/or failed to disclose material facts concerning the Wipes; and (b) Whether Defendant's conduct was unfair and/or deceptive.

21. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff purchased one or more containers of Wipes.

22. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

23. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## **COUNT I**

**(Deceptive Acts Or Practices, New York Gen. Bus. Law § 349)**

24. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

25. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

26. By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by misrepresenting that the Wipes were natural when they contained unnatural and potentially harmful chemicals.

27. The foregoing deceptive acts and practices were directed at consumers.

28. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics of the Wipes to induce consumers to purchase same.

29. Plaintiff and Class members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased the Wipes had they known that the "natural clean" representation was false and misleading," (b) they overpaid for the Wipes because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) the Wipes did not have the characteristics, uses, or benefits as promised.

30. On behalf of herself and other members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT II

### (False Advertising, New York Gen. Bus. Law § 350)

31. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

32. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

33. Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting the nature of the Wipes.

34. The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

35. This misrepresentation has resulted in consumer injury or harm to the public interest.

36. Plaintiff and Class members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased the Wipes had they known that the "natural clean" representation was false and misleading," (b) they overpaid for the Wipes because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) the Wipes did not have the characteristics, uses, or benefits as promised.

37. On behalf of herself and other members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or five hundred dollars per violation, whichever is greater, three times actual damages and reasonable attorneys' fees.

## PRAYER FOR RELIEF

38. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

A. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent members of the Class;

B. For an order declaring the Defendant's conduct violates the statutes referenced herein;

C. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief;

G. For injunctive relief as pleaded or as the Court may deem proper; and

H. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: October 20, 2017								Respectfully submitted,

By:   */s/ Yitzchak Kopel*
       Yitzchak Kopel

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joseph I. Marchese
Neal J. Deckant
Yitzchak Kopel
Frederick J. Klorczyk III
888 Seventh Avenue
New York, NY 10019
Telephone:  (212) 989-9113
Facsimile:  (212) 989-9163
Email:  scott@bursor.com
           jmarchese@bursor.com
           ndeckant@bursor.com
           ykopel@bursor.com
           fklorczyk@bursor.com

*Attorneys for Plaintiff*